**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10128 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-00633-PJH-1 |
| v. | |
| CRISTIAN FERNANDO QUINTERO FELIX, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted September 12, 2016
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and SESSIONS,[**] District Judge.

Cristian Quintero Felix appeals his convictions for possession with intent to

distribute cocaine within 1,000 feet of a school and possession of a firearm in

furtherance of a drug trafficking offense. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

1.  Felix, invoking *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), contends the district court should have required the prosecutor to turn over evidence relating to the government's confidential informant, whom the defense called to testify. The court allowed the defense to treat the informant as an adverse witness from the outset of his testimony.

Pursuant to an earlier district court order, the prosecution produced a short *Giglio* letter that noted the dates and benefits associated with informant's working relationship with the Department of Homeland Security (DHS). After receiving this information on the day of the informant's testimony, Felix continued to seek additional evidence related to the informant's full criminal history and "rap" sheet and his cooperation with the Oakland Police Department (OPD), the local agency that had arrested Felix on DHS's request.

Assuming, without deciding, that *Giglio* applies to this witness and to the types of evidence Felix sought, there was no material violation of *Brady* or *Giglio*. There is no reasonable probability that "the cumulative effect of all [withheld] evidence favorable to the defense," had it been disclosed, would have changed the result of the Felix's trial. *See Kyles v. Whitley*, 514 U.S. 419, 421–22 (1995).

"Impeachment evidence is especially likely to be material when it impugns the testimony of a witness who is critical to the prosecution's case." *Silva v. Brown*, 416 F.3d 980, 987 (9th Cir. 2005). Here, the prosecution did not rely upon the informant's testimony to establish *any* elements of the charged offenses. Felix had two guns and various ammunition in his backpack at the time of his arrest. It is not reasonably probable that further impeachment of the informant would have affected the jury finding that Felix possessed at least one of the two guns in furtherance of the drug trafficking offense.

Additionally, "evidence is material if it is of a different character than evidence already known to the defense . . . . [But it] is cumulative . . . if the grounds for impeachment are no secret to the jury." *United States v. Wikes*, 662 F.3d 524, 535–36 (9th Cir. 2011) (internal quotations omitted). Even without additional *Giglio* disclosures from OPD, it was clear from the informant's many different statements that he was not a particularly reliable witness. Further, the defense heavily impeached the informant's testimony by repeatedly drawing attention to his criminal history and past work with OPD, both while the informant was on the stand and during closing arguments. Felix's *Giglio* claim does not raise a reasonable probability that additional impeachment evidence would have changed the outcome of the trial.

2. The district court did not abuse its discretion in denying Felix's motion for new trial, made on the basis of an inadvertently disclosed transcript of an *in camera* discussion. The district court correctly highlighted the five-part test for motions for new trial based on newly discovered evidence, *see United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009), and then found that information from the sidebar did not constitute new evidence, admissible material evidence, or evidence that would probably have led to an acquittal if it had been admitted. These conclusions were neither illogical nor implausible based on the facts in the record. *See id.*

The statements made by the informant's counsel in the *in camera* discussion support the fact that others knew the informant was a "go-to guy" for fencing firearms, but that fact had already been admitted at trial. To the extent that counsel's statements also alluded to the informant's subjective beliefs about Felix's purpose in showing him a gun, those beliefs would have been inadmissible as speculation. Finally, even if Felix were able to prove his intent as to the one gun he displayed to the informant on the basis of evidence from the sidebar, that evidence would not have spoken to his intent as to the other gun and therefore would not have likely changed the outcome of his trial.

3. Assuming that Felix preserved objections to testimony offered by Detective Stofle not only on relevance grounds but also on the grounds that it was inadmissible lay opinion or had a prejudicial impact that outweighed its probative value, any error in the district court's admission of the evidence over those objections was harmless. Other testimony provided by Detective Stofle about Felix's prior arrest was much more useful to the government's case than his comment about Felix's truthfulness. Specifically, Detective Stofle testified that, at the time of his prior arrest, Felix possessed various drugs and a gun but did not appear to be under the influence of drugs, and that Felix had, in his inbox at the time of his arrest, the text message ("you got half a g?") referenced in the prosecutor's question about Felix's truthfulness. Outside of Detective Stofle's testimony, there was considerable "properly admitted evidence [that] was highly persuasive and overwhelmingly pointed to" Felix's intent to sell the drugs in his possession in 2013. *See United States v. Bailey*, 696 F.3d 794, 804 (9th Cir. 2012). It is more probable than not that any possible error in the admission of Detective Stofle's testimony regarding Felix's truthfulness had no material effect on the verdict.

5. Finally, we review Felix's prosecutorial misconduct claim for plain error, because Felix did not object to the asserted misconduct at trial. *See United States*

5

*v. Moreland*, 622 F.3d 1147, 1158 (9th Cir. 2010). "Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. (internal quotations omitted). Even if asking Detective Stofle to comment on the defendant's truthfulness when he was questioned in the past regarding a different crime was improper, the prosecutor's conduct did not "seriously affect[] the fairness, integrity, or public reputation of the judicial proceedings . . . [and] failing to reverse a conviction would [not] result in a miscarriage of justice." *See id*.

* * *

We conclude that any withheld *Giglio* evidence was not material, the district court did not abuse its discretion in denying Felix's motion for new trial on the basis of newly discovered evidence, and neither Detective Stofle's testimony nor the prosecutor's conduct in eliciting it was sufficiently prejudicial to warrant reversal.

**AFFIRMED.**